THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

FILED
DISTRICT COURT

CENTRAL DIVISION

2006 SEP 20 P 2: 08

|  |  |  |
|---|---|---|
| WILLIAM F. DIXON, | ) | Case No. 2:05CV746 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| JO ANNE B. BARNHART, in her capacity as Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | | |

## I. INTRODUCTION

This matter is before the Court on Plaintiff William Dixon's brief seeking judicial review of the decision of Defendant Jo Anne B. Barnhart, Commissioner of Social Security, denying his claim for Disability Insurance Benefits, pursuant to 42 U.S.C. § 405(g). The Court has also received and reviewed Defendant's answer brief supporting the Commissioner's decision. After hearing oral argument, the Court is prepared to issue the following decision.

## II.  ADMINISTRATIVE PROCEEDINGS

On May 8, 2002, Mr. Dixon injured his right shoulder at work. On June 4, 2002, surgery was performed to repair his rotator cuff and biceps tendon. In November 2002, Mr. Dixon applied for Disability Insurance Benefits, alleging an inability to work since May 23, 2002, due to his shoulder injury, diabetes, depression, and hearing loss. His application was denied in initial and reconsideration determinations. Plaintiff requested a hearing before an Administrative

Law Judge ("ALJ"), which was held on August 19, 2004. The ALJ issued a decision on April 15, 2005, finding that although Mr. Dixon suffers from pain and other limitations associated with his impairments, this does not prevent him from completing a full workday and/or all work activity. The ALJ also found that Mr. Dixon could return to his past relevant work as a manager of iron workers, a light/skilled job; and a project director over maintenance, a light/skilled job, as previously performed and as generally performed in the national economy. The ALJ concluded that Mr. Dixon was not disabled as defined by the Social Security Act.

Mr. Dixon requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied the request for review, so the ALJ's decision became the Commissioner's "final decision" under 42 U.S.C. § 405(g). Mr. Dixon then brought the instant action, seeking judicial review of the Commissioner's decision.

### III. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited. The court may not re-weigh the evidence or substitute its judgment for that of the ALJ. *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2002). *See also, Hamilton v. Sec'y of Health & Human Serv.,* 961 F.2d 1495, 1498 (10th Cir. 1992). However, the court should examine the record carefully and review it in its entirety. *See Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992). The court reviews the Commissioner's decision to evaluate whether the record contains substantial evidence to support the findings, and to determine whether the correct legal standards were applied. *Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). *Hamilton,* at 1497-98. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971). However, evidence is not substantial

if it is overwhelmed by other evidence or if it constitutes mere conclusion. *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994). The court must review the record as a whole to determine if substantial evidence supports the Commissioner's final decision. *Washington v. Shalala,* 37 F.3d 1437, 1439 (10th Cir. 1994). However, where evidence as a whole can support either the agency's decision or an award of previously denied benefits, the agency's decision must be affirmed. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

A disability is defined in the Social Security Act as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A)(Supp. 2002). The Act goes on to state that a benefit applicant shall only be found disabled where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is "disabled" for the purpose of awarding disability benefits. *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988); 20 C.F.R. §§ 404.1520, 416.920. The first step is to decide whether the claimant is currently engaged in "substantial gainful employment." If the claimant is gainfully employed, he is not disabled, regardless of his medical condition, age, education, and work experience, and his application will be denied. If the applicant is not gainfully employed the evaluation will move to the second step.

3

The second step is to determine if the claimant has an impairment or combination of impairments that are severe enough to limit his or her ability to perform work activities. This step of the evaluation is based on medical factors alone. If the claimant is found not to have a severe impairment, the claim is denied and the evaluation comes to an end. If it is determined that the claimant does suffer from a "severe impairment," the evaluation will move to the third step.

The third step is to decide whether the impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. If the impairment is listed in Appendix I of subpart P, 20 C.F.R. § 404, the claimant is presumed disabled and his claim is approved without further evaluation. Alternatively, if the impairment is not listed, but is determined to be equal to a listed impairment, the claim will be approved. If the impairment is not listed and not equal to a listed impairment, the evaluation process must continue.

The fourth step of the process requires the claimant's past relevant work to be analyzed. If the applicant's impairment does not prevent the performance of past relevant work, the claim will be denied. However, if the impairment is so severe that the applicant is unable to perform past relevant work, the analysis moves on to the final step.

In the fifth and final step of the evaluation process, the claimant will be deemed disabled and his claim will be granted unless it can be established that the claimant retains the capacity to perform an alternate work activity and that this specific job exists in the national economy. At this point, if the Commissioner does not make the required showing, an award of disability benefits is proper. *Nielson v. Sullivan*, 992 F.2d 118, 122 (10th Cir. 1993).

If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989). The burden of proof is on the claimant through step four; then it shifts to the Commissioner. *See id.* (citing *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989)).

### III. DISCUSSION

**A. The ALJ's Decision**

In his April 15, 2005 decision, the ALJ found that Mr. Dixon was not disabled. At step one, the ALJ must determine if the claimant is engaged in substantial gainful employment. The ALJ found that Mr. Dixon had not performed substantial gainful activity since the onset if his alleged disability.

At step two, the ALJ must determine if the claimant's impairment or combination of impairments is severe. The ALJ in this case found that Mr. Dixon had the following severe impediments: right shoulder problems status post a rotator cuff repair, status post coccyx fracture, and diabetes mellitus.

At step three, the ALJ determined that Mr. Dixon's severe impairments did not meet or medically equal any of the impairments listed in Appendix 1 of Subpart P. The ALJ also found that Plaintiff's subjective complaints were not entirely credible. Finally, the ALJ found that Plaintiff retained the residual functional capacity to perfrom a reduced range of light work.

At step four, the ALJ found that Plaintiff's residual functional capacity did not prevent him from performing his past relevant work as a manager of iron workers and project director over maintenance. Having found that Mr. Dixon was able to perform past relevant work, the ALJ concluded he was not disabled and denied his claim without proceeding to step five.

5

**B. The ALJ's Credibility Findings**

The ALJ partially based his decision to deny disability benefits on Mr. Dixon's credibility. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(quoting *Diaz v. Secretary of Health & Human Services*, 898 F.2d 774, 777 (10th Cir. 1990)). However, if the ALJ disbelieves Plaintiff's allegations, he must explain what evidence led him to conclude the allegations were not credible. *Kepler*, at 391.

Mr. Dixon expressed concern in both his briefs and his oral argument that the ALJ did not find him credible. However, it is important to note that the purpose of the credibility finding in social security cases is to determine whether the plaintiff's allegation of injury is sufficient to allow the claim for benefits. In this case, the ALJ accepted most of Mr. Dixon's allegations of injury as being credible. In particular, the ALJ accepted as credible Mr. Dixon's allegations regarding his shoulder injuries and the resulting limitations. The only credibility question that the ALJ had was that Mr. Dixon maintained that his impairments were disabling and prevented him from working, yet he had testified to a near normal ability to perform all activities of daily living, including more strenuous chores such as cutting the lawn and doing yard work. Also, Mr. Dixon had testified that most of his ailments were treatable, with almost no medical side effects. The ALJ stated that although he "understands that the claimant suffers from pain and other limitations associated with these impairments," he could not find that "this prevents [Mr. Dixon] from completing a full workday and/or all work activity."

Because he accepted as credible Mr. Dixon's allegations of shoulder injury and resulting limitation, the ALJ adopted all restrictions from that injury in determining Mr. Dixon's residual

6

functional capacity. The ALJ found that there were jobs that Mr. Dixon could do, and had in fact done in the past (manager of iron workers and project director over maintenance). A vocational expert testified that these jobs are skilled, light or sedentary work.

This Court finds that there is sufficient evidence to support the Commissioner's final decision. As stated above, this Court may not re-weigh the evidence or substitute its judgment for that of the ALJ. If the Court finds that there was substantial evidence to support the agency's decision, then that decision must be affirmed.

## C. Additional Evidence Submitted by Mr. Dixon During the Hearing

At the September 13, 2006 hearing on this appeal, Mr. Dixon, appearing *pro se*, submitted the following documents: (1) an audiology report dated May 4, 2005, which demonstrated hearing loss in both ears, and (2) a medical history summary dated September 10, 2006. As the defense points out in its brief, this Court may consider new evidence only if it is both new and material, and there is a good reason for the evidence not being presented earlier.

In this case, the medical history summary is not material because it was dated about 17 months after the ALJ's decision. Also, Mr. Dixon could have prepared and submitted the medical history summary and submitted it to the ALJ or the Appeals Council, and he has provided no good reason for not submitting it.

The May 2005 audiology report, dated about three weeks after the ALJ's April 2005 decision, could have been submitted to the Appeals Council in seeking review of the ALJ's decision. Again there is no good cause given for failing to present this evidence to the Commissioner. Therefore, the Court will not remand this case, because the new evidence is not material and Mr. Dixon did not offer good cause for failing to present it earlier.

functional capacity. The ALJ found that there were jobs that Mr. Dixon could do, and had in fact done in the past (manager of iron workers and project director over maintenance). A vocational expert testified that these jobs are skilled, light or sedentary work.

This Court finds that there is sufficient evidence to support the Commissioner's final decision. As stated above, this Court may not re-weigh the evidence or substitute its judgment for that of the ALJ. If the Court finds that there was substantial evidence to support the agency's decision, then that decision must be affirmed.

## C. Additional Evidence Submitted by Mr. Dixon During the Hearing

At the September 13, 2006 hearing on this appeal, Mr. Dixon, appearing *pro se,* submitted the following documents: (1) an audiology report dated May 4, 2005, which demonstrated hearing loss in both ears, and (2) a medical history summary dated September 10, 2006. As the defense points out in its brief, this Court may consider new evidence only if it is both new and material, and there is a good reason for the evidence not being presented earlier.

In this case, the medical history summary is not material because it was dated about 17 months after the ALJ's decision. Also, Mr. Dixon could have prepared and submitted the medical history summary and submitted it to the ALJ or the Appeals Council, and he has provided no good reason for not submitting it.

The May 2005 audiology report, dated about three weeks after the ALJ's April 2005 decision, could have been submitted to the Appeals Council in seeking review of the ALJ's decision. Again there is no good cause given for failing to present this evidence to the Commissioner. Therefore, the Court will not remand this case, because the new evidence is not material and Mr. Dixon did not offer good cause for failing to present it earlier.

## IV.  CONCLUSION

The Court recognizes that Mr. Dixon suffers from a number of painful and difficult medical problems.  The Court sympathizes with him and found his testimony to be credible.  However, this Court's review of the Commissioner's decision is limited; if there is substantial evidence to support that decision the Court is required by law to affirm.

For the foregoing reasons, the Commissioner's decision denying Mr. Dixon's claim is hereby affirmed.

DATED this 20ᵗʰ day of September 2006

BY THE COURT:

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT